COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-269-CR
  
  
JOHN CHARLES SPURLOCK                                                   APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 355TH 
DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
John Charles Spurlock appeals the denial of his request for post-conviction DNA 
testing. Appellant pled guilty to aggravated sexual assault on February 13, 
1996.  He filed a motion for post-conviction DNA testing on March 27, 2003, 
which the trial court denied on April 16. The trial court granted appellant’s 
motion for rehearing after the State indicated that it had located material 
suitable for testing. After a hearing on June 17, 2003, the trial court denied 
the motion again. In one issue, appellant contends the trial court erred in 
ruling that identity was not an issue and that there was not a reasonable 
probability that appellant would not have been prosecuted or convicted if 
exculpatory DNA results were obtained. We affirm.
        The 
trial court found that identity was not an issue in the case and that appellant 
failed to establish that a reasonable probability exists that he would not have 
been prosecuted or convicted if exculpatory results had been obtained through 
DNA testing. See Tex. Code Crim. 
Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2004); Act of April 3, 2001, 
77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 2003) 
(current version at Tex. Code Crim. Proc. 
Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2004)). Appellant contends that he 
discovered from the victim’s diary that she might be pregnant by her 
boyfriend, to whom she is now married, and this evidence supports his defense 
that he is innocent. According to appellant, DNA testing would confirm that the 
victim was having sexual intercourse with her boyfriend and that the victim 
falsely identified him as her assailant in order to protect her boyfriend.
        At 
the hearing on appellant’s motion for DNA testing, the State introduced as 
evidence the victim’s statement to the police in which she identified 
appellant as the perpetrator. The victim was appellant’s daughter, and her 
statement describes appellant sexually assaulting her beginning when she was 
four years old and continuing until she was eleven. At the hearing, appellant 
admitted that he was the victim’s father and that she had known him her whole 
life. He also admitted that the issue at his trial would have been whether or 
not he did what the victim said he did.
        The 
victim’s statement clearly identifies the perpetrator as her “dad, John 
Charles Spurlock.” There is no indication that the victim was confused about 
the identity of her assailant or that she misidentified him. Additionally, the 
mere presence of another person’s DNA in any biological material would not 
negate the victim’s accusations against her father. Appellant’s contentions 
go to the credibility of his accuser; they do not call into question her 
identification of him as her assailant. Therefore, we hold that the trial court 
did not err in determining that identity was not an issue in the case.
        Because 
identity was not and is not an issue, we do not reach the additional argument 
that further DNA testing would exonerate appellant. See Tex. Code Crim. Proc. Ann. art. 
64.03(a)(1)(B) (providing that the court must find identity to be at issue 
before moving to remaining requirements). Accordingly, we hold that the trial 
court did not err in denying appellant’s motion for DNA testing where identity 
was not and is not at issue. We overrule appellant’s sole issue and affirm the 
trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
 
PANEL F:   LIVINGSTON, 
GARDNER, and WALKER, JJ.
  
                GARDNER, 
J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 22, 2004
  

 
NOTES
1. See Tex. R. App. P. 47.4.